United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| Angel Barreiro, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-22404-Civ-Scola |
| | ) |
| Dr. Delgado and others, Defendants. | ) |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

  This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On June 26, 2018, Judge White issued a report and recommendation (Mag. J.'s Rep. & Rec., ECF No. 115), recommending that the Court grant Defendant Dr. Jorge Delgado's motion for summary judgment (Def.'s Mot., ECF No. 72). Plaintiff Angel Barreiro, a prisoner proceeding pro se, after being granted a lengthy extension, has filed objections to the report. Dr. Delgado has not responded to Barreiro's objections and the time for him to do has passed.

  In his 42 U.S.C. § 1983 claim, Barreiro contends Dr. Delgado violated his Eighth Amendment rights by refusing to provide, or delaying in providing, medical treatment after he had been attacked by another inmate with a knife and then pepper sprayed by a corrections officer at around 11:30 a.m. one morning. Although Barreiro acknowledges that Dr. Delgado properly treated his multiple scrapes and lacerations, he says that Dr. Delgado ignored his complaints that he could not breathe and that his throat burned from the pepper spray. As various providers attended to Barreiro, he describes, at some point, running to a shower to wash off the pepper spray and then being brought back to his bed. Eventually, he says, two-and-a-half hours after he was sprayed, a call was made, at 2:00 p.m., to 911 to have Barreiro transferred to Kendal Regional Medical Center. Upon evaluation, Miami-Dade Emergency Medical Services recommended that Barreiro be airlifted to the hospital. Barreiro was thereafter airlifted, at around 3:00 p.m., and then admitted to Kendall Regional. While at the hospital Barreiro underwent a bilateral chest-tube placement and was diagnosed with, among other things, a bilateral pneumothorax.

In order to support his claim for deliberate indifference to his medical needs, Barreiro must establish three elements. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). First, he must show that he had an objectively serious medical need. *Id.* Second, he must establish that the defendant acted with deliberate indifference to his serious medical need. *Id.* And, third, he must show that his injury was caused by the defendant's wrongful conduct. *Id.*

While Barreiro has presented evidence that would certainly suffice to sustain a finding that he indeed had a serious medical need, he has not succeeded in coming forward with adequate evidence to establish either of the other two elements.

Establishing that a defendant acted with deliberate indifference to a serious medical need requires a plaintiff to prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Id.* at 1327 (quotations and alterations omitted). Barreiro describes complaining of the ill effects of the pepper spray but he does not offer any evidence that Dr. Delgado perceived that, initially, Barreiro was suffering from anything more than a typical reaction to the exposure of the spray. And, even if Dr. Delgado had been aware of a more serious issue, Barreiro has not presented proper evidence that Dr. Delgado deliberately ignored that risk.[1] Instead, even Barreiro himself describes being continually monitored by various personnel, including Dr. Delgado. Barreiro also acknowledges that his condition developed over time and he does not dispute the medical records showing that, until 1:00 p.m., his vital signs were all within a normal range. Barreiro does not present any evidence that Dr. Delgado disregarded Barreiro's symptoms once Barreiro's deteriorating condition became apparent. Rather, Barreiro describes a succession of events, with no reference to their timing, that ultimately resulted in 911 being called. Similarly, Barreiro has not presented any evidence that, under the circumstances, Dr. Delgado's treatment was even grossly negligent, never mind "more than gross[ly] negligent."

And, even if Barreiro had presented evidence that Dr. Delgado acted with deliberate indifference to his serious medical need, he has not shown that his

---

[1] The Court has disregarded the hearsay evidence Barreiro has presented because he has not submitted a basis upon which the evidence would otherwise be admissible at trial. *See Macuba v. Deboer*, 193 F.3d 1316, 1323–24 (11th Cir. 1999) (noting that an "out-of-court statement made to the witness (the Rule 56(c) affiant or the deposition deponent) must be admissible at trial for some purpose" and citing as examples "the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted), or is used solely for impeachment purposes (and not as substantive evidence)").

injury was caused by Dr. Delgado's wrongful conduct. That is, he has presented only conclusory claims, unsupported by actual facts, that had Dr. Delgado called 911 sooner, Barreiro's injuries would have been nonexistent or less severe.

The Court has considered—de novo—Judge White's report, Barreiro's response, the record, and the relevant legal authorities. The Court agrees with Judge White's conclusions that Barreiro has not presented sufficient evidence upon which a reasonable juror could find in his favor. Instead, as found by Judge White, the evidence demonstrates the absence of genuine issues of material fact with respect to two of the three elements necessary for Barreiro to succeed in his case. Aside from Barreiro's conclusory allegations and his reliance on inadmissible hearsay, there is no evidence that Barreiro's serious medical needs were ignored or that his care was deliberately delayed once his condition worsened. Instead, as described by Judge White, the evidence shows an evolving course treatment that culminated in a call to 911 once it because apparent that that emergent care was warranted.

The Court thus **affirms and adopts** Judge White's report and recommendation (**ECF No. 115**). The Court therefore **grants** Dr. Delgado's motion for summary judgment (**ECF No. 72**).

The Clerk shall **close** this case. Any other pending motions are **denied as moot**.

**Done and Ordered** in chambers, at Miami, Florida, on August 24, 2018.

_____
Robert N. Scola, Jr.
United States District Judge